UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00186-TBR-LLK

JA'TAVIN B.                                                                                                                  PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                 DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. [Doc. 1]. Plaintiff's memorandum in support is at Doc. 13-1, and Defendant's response in opposition is at Doc. 15. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 10].

Plaintiff argues that the Administrative Law Judge (ALJ) "committed reversible error by failing to give Dr. Romine's opinion [i.e., the medical opinion of Plaintiff's treating physician] controlling weight, requiring reversal by this Court." [Doc. 13-1 at PageID.1865 citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)]. The argument is unpersuasive because, although the ALJ erred in failing to give "good reasons," 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), for discounting the treating physician's medical opinion, the error was a harmless de minimis procedural violation. *Wilson*, 378 F.3d at 547.

Because Plaintiff's argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## The ALJ's prior decision

The ALJ issued a prior decision, which this Court reversed. *Buckner v. Comm'r*, No. 5:20-CV-00080-LLK, 2021 WL 742872 (W.D. Ky. Feb. 25, 2021). *Buckner* articulated the relevant background facts and procedural history.

1

On January 11, 2017, at age 19, Plaintiff suffered multiple gunshot wounds to his lower extremities and lost his right eye. *Id.* at *1. In February 2017, Plaintiff filed his claim, alleging that he became disabled on January 12, 2017. *Id.*

In June 2017, Dr. Romine, an orthopedic surgeon, performed a "right knee arthroscopic excision of foreign bodies (buckshot)" and a "medial femoral condyle chondroplasty." *Id.*

On February 14, 2018, Dr. Romine made certain physical examination findings, including observation of some quadriceps atrophy. *Id.* Dr. Romine was not surprised by Plaintiff's ongoing right knee pain "given his severe articular cartilage damage in the medial compartment of his knee." *Id.*

On February 14, 2018 (the same date as his physical examination findings), Dr. Romine opined that:

> My recommendation is that he continue to work on strengthening of his [right] knee. We believe that due to the severity of his injury that he will have a difficult time with any **prolonged standing or walking**. His job should [entail] more sedentary activity. I highly recommend that he return to school and get a degree that he can enter into a work environment where he is not in any extensive labor.

*Id.* (emphasis added).

In his prior decision, the ALJ gave Dr. Romine's opinion "little weight" and concluded that Plaintiff retains the ability to perform a significant number of unskilled, medium jobs in the national economy. *Id.*

This Court reversed, finding that the ALJ "did not give 'good reasons' [as contemplated by 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)] for giving 'little weight' to the treating physician's [i.e., Dr. Romine's] opinion." *Id.* at *2.

### The ALJ's present decision

Upon remand, the ALJ held a second hearing and issued a second decision, the one presently before the Court. The ALJ found that Plaintiff was not disabled from January 12, 2017, when he alleges that he became disabled, through October 8, 2021, when the ALJ issued his decision. [Doc. 11 at 1374-86].

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 12, 2017. *Id.* at 1376.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant impairments: surgical removal of right eye with resulting right eye blindness, status post gunshot wounds to legs and right knee, and depression. *Id.* at 1377.

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ found that, notwithstanding his severe physical impairments, Plaintiff can:

> … perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) … can lift and/or carry and push and/or pull 20 pounds occasionally and 10 pounds frequently … can sit for six hours in an 8-hour workday … can stand and walk for up to four hours in an 8-hour workday, not longer than 30 minutes at a time … no visual acuity, depth perception, color of vision, or frequently read small print and large print, sufficient left eye depth perception and field of vision to handle objects of all sizes and to avoid ordinary hazards in the workplace, such as boxes on floor, doors ajar, or approaching people or vehicles, and sufficient color of vision to identify and distinguish colors … should avoid concentrated exposure to hazards such as unprotected heights or moving mechanical parts.

[Doc. 11 at 1379]. The ALJ found that, notwithstanding his severe mental impairments, Plaintiff can:

> … understand and remember simple instructions and procedures requiring brief learning periods, usually 30 days or less … can sustain attention, concentration, effort, and pace for simple tasks requiring little independent judgment and involving minimal variations and doing so at requisite schedules of work and breaks, including 2-hour time blocks … can interest frequently as needed with supervisors and coworkers (up to 2/3 of the day) and sufficiently for task completion yet requiring no more than occasional interaction with the pubic (up to 1/3 of the day) … can adapt adequately to situational conditions and changes with reasonable support and structure.

*Id.*

Fourth, the ALJ found that Plaintiff has no past relevant work. *Id.* at 1384.

Fifth, the ALJ concluded that Plaintiff is not disabled, finding that Plaintiff retains the ability to perform a significant number of unskilled, light jobs in the national economy such as garment sorter, folder, and router. *Id.* at 1385.

In summary, the primary difference between the prior and present ALJ decisions is that, notwithstanding Dr. Romine's opinion that Plaintiff should avoid "prolonged standing or walking," the prior decision found that Plaintiff can perform medium work. The present decision found, notwithstanding that same opinion, that Plaintiff can perform a range of light work that limits standing/walking to "four hours in an 8-hour workday, not longer than 30 minutes at a time." [Doc. 11 at 1379, 1384].

### Standard of review

In the Social Security context, the question for the reviewing court is whether the ALJ's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007). The Court "will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r*, 710 F.3d 365, 374 (6th Cir. 2013). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Court "may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y*, 964 F.2d 524, 528 (6th Cir. 1992) (quotation omitted). And the Court is not empowered to reweigh the evidence. *Price v. Comm'r*, 342 F. App'x 172, 174 (6th Cir. 2009).

### The ALJ erred in not giving "good reasons" for discounting Dr. Romine's opinion.

As noted above, this Court reversed the ALJ's prior decision, finding that the ALJ "did not give 'good reasons' [as contemplated by 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)] for giving 'little weight' to

the treating physician's [i.e., Dr. Romine's] opinion." *Buckner v. Comm'r*, No. 5:20-CV-00080-LLK, 2021 WL 742872, *2 (W.D. Ky. Feb. 25, 2021).

The present decision identified three new reasons for discounting Dr. Romine's opinion:

> Records from treating provider Dr. Spencer Romine indicate the claimant would "have a difficult time" with any prolonged standing or walking and his job should be "more sedentary activity" (Exhibit 17F). Dr. [Romine] recommended the claimant attend school and try to obtain a job that did not require extensive labor. This is given partial weight to the extent it is consistent with the above residual functional capacity. [1] The undersigned concludes that the claimant's treatment history and clinical findings in the record establish his functioning level has improved as summarized above. [2] Further, Dr. Romine's statement is vague and not a function-by-function assessment of the claimant's maximum work activities. … [3] It is unclear if Dr. Romine … [is] familiar with the Social Security Administration's disability evaluation program or the evidence of record.

[Doc. 11 at 1384].

Plaintiff argues that these three new reasons (like the prior reasons) were not "good reasons," 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2), for discounting Dr. Romine's medical opinion. [Doc. 13-1 at PageID.1863-65]. For the reasons below, the argument is persuasive.

Because Plaintiff filed for disability benefits in February 2017, the "old" rules for weighing medical opinions at 20 C.F.R. §§ 404.1527, 416.927 apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c ("For claims filed before March 27, 2017, the rules in [§§ 404.1527, 416.927 apply.").

A treating source's medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2). If the ALJ decides not to give the treating physician's medical opinion controlling weight, he must determine what weight to give it by looking at: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Id.* at subsections (c)(2)(i)-(ii), (3)-(6). The ALJ is required to "always give good reasons in [the] notice of determination or decision for the weight" given to the treating source's medical opinion. *Id.*

First, the ALJ discounted Dr. Romine's opinion because Plaintiff's "treatment history and clinical findings in the record establish his functioning level has improved as summarized above." [Doc. 11 at 1384]. The Commissioner cites and this Report finds nothing in the ALJ's decision ("as summarized above") indicating improvement in Plaintiff's functioning to the extent of invalidating Dr. Romine's opinion that Plaintiff should avoid "prolonged standing or walking." [Doc. 11 at 820]. No medical source provided substantial evidence of improvement to that extent. In September 2017, the Commissioner's non-examining program physician, Subhideb Mukherjee, M.D., prediction that (after one year's recovery from his gunshot wounds) Plaintiff should be able to perform medium work "12 months after onset: 01/11/2018." *Buckner v. Comm'r*, No. 5:20-CV-00080-LLK, 2021 WL 742872, *1 (W.D. Ky. Feb. 25, 2021). However, in February 2018, Dr. Romine opined (contrary to Dr. Mukherjee's prediction) that Plaintiff should avoid "prolonged standing or walking." *Id.* An estimate by a non-examining source, of unknown specialty, of a claimant's future abilities does not provide "good reason" for discounting the treating physician's opinion of present abilities. *Id.*

Second, the ALJ discounted Dr. Romine's opinion because it was given in the context of a statement, which the ALJ characterized as "vague and not a function-by-function assessment of the claimant's maximum work activities." [Doc. 11 at 1384]. Dr. Romine's opinion that Plaintiff should avoid "prolonged standing or walking" [Doc. 11 at 820] was not altogether vague (although, admittedly, the word "prolonged" does not correspond to a specific number of hours (total) in an 8-hour workday), nor was it invalidated by Dr. Romine's not giving a complete, function-by-function assessment.

Third, the ALJ discounted Dr. Romine's opinion because it is "unclear if [Dr. Romine is] familiar with the Social Security Administration's disability evaluation program or the evidence of record." [Doc. 11 at 1384]. Dr. Romine need not be familiar with Social Security disability law or the evidence in the Social Security Administration's record to opine that, due to the residual effects of gunshot wounds to legs and right knee, his patient (Plaintiff) should avoid "prolonged standing or walking" [Doc. 11 at 820].

**The ALJ's error was a harmless de minimis procedural violation.**

The post-remand evidence reflects that Dr. Romine was steadfast in his opinion that Plaintiff should avoid "prolonged standing or walking." [Doc. 11 at 820, 1786]. Dr. Romine was not, however, of the opinion that Plaintiff is disabled. As noted above, on February 14, 2018, Dr. Romine opined that Plaintiff could perform a job involving "more sedentary activity" as opposed to "extensive labor." [Doc. 11 at 820]. Additionally, on February 4, 2021, Dr. Romine's physician's assistant (PA), Justin Damron noted that:

> Pt [Patient] mother called stating the housing authority is requesting a new note because the note they have states he cannot work from 2016. Pt was shot in 2016 and was put off work, Dr. Romine seen pt recently stating pt wants disability but feels he can do a sedentary job. I can write note stating he can work a sedentary job but can no longer put on the note that he cannot work due to that contradicting his office note.

[Doc. 11 at 1786].

As stated above, the primary difference between the prior and present ALJ decisions is that the prior decision found that Plaintiff can perform medium work and the present decision found that he can perform a range of light work that limits standing/walking to "four hours in an 8-hour workday, not longer than 30 minutes at a time." [Doc. 11 at 1379, 1384]. The full range of sedentary work contemplates 6 hours of sitting (total) in an 8-hour workday, with standing/walking during the remaining 2 hours. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. The full range of light and medium work contemplate 6 hours of standing / walking (total) in an 8-hour workday, with sitting during the remaining 2 hours. *Id.*

While the ALJ erred in not giving "good reasons" for discounting Dr. Romine's opinion, the error was a harmless de minimis procedural violation. *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004). This is because the ALJ made RFC "findings consistent with [Dr. Romine's] … opinion." *Id.* Specifically, the ALJ found that Plaintiff can stand/walk "four hours in an 8-hour workday, not longer than 30 minutes at a time," which is consistent with Dr. Romine's opinion that Plaintiff should avoid "prolonged standing or walking." [Doc. 11 at 820, 1379]. In such cases, where the ALJ "makes findings consistent with the

[treating source's] opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant." *Wilson*, 378 F.3d at 547.

Even if the ALJ's error was not a de minimis procedural violation, it remained harmless for the reasons below.

At the second administrative hearing, the ALJ presented three vocational hypotheticals. The first hypothetical contemplated an individual with the same visual and mental limitations identified in the ALJ's RFC finding, who can perform medium work. *Id.* at 1379, 1425. The second hypothetical contemplated an individual with the same visual and mental limitations, who can lift/carry 20 pounds occasionally and 10 pounds frequently as required to perform the full range of light work, and who can stand/walk for 4 hours in an 8-hour day, no longer than 30 minutes at a time. *Id.* at 1427. The third hypothetical contemplated an individual with the same visual and mental limitation, who can lift/carry 10 pounds occasionally and less than 10 pounds frequently as required to perform the full range of sedentary work, and who can stand/walk for 4 hours in an 8-hour day, no longer than 30 minutes at a time. *Id.* In response to all three hypotheticals, the vocational expert (VE) identified a significant number of compatible jobs in the national economy. Neither the ALJ nor Plaintiff presented a more limiting hypothetical in terms of Plaintiff's ability to engage in prolonged standing/walking. *See Sims v. Comm'r*, 406 F. App'x 977, 982 (6th Cir. 2011) ("Yes, the vocational expert's testimony could have been further refined; but as the district court pointed out, plaintiff's counsel had the opportunity to cross-examine, but asked only one question and did not probe the deficiency now identified on appeal.").

Dr. Romine's opinion that Plaintiff should avoid "prolonged standing or walking" is compatible with the second and third hypotheticals. It follows that, even if the ALJ had accepted Dr. Romine's opinion, the ALJ likely would have still denied Plaintiff's disability claim. "No principle of administrative law or

8

common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006).

## RECOMMENDATION

Because Plaintiff's argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

June 16, 2022

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

June 16, 2022

Lanny King, Magistrate Judge
United States District Court